Doc. Number   Case Number
166   02-C-0647-C
United States District Court
Western District of Wisconsin
Joseph W. Skupniewitz
Filed/Received
09/24/2003 09:19:56 AM CDT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HYPERPHRASE TECHNOLOGIES, ) <br> LLC and HYPERPHRASE INC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MICROSOFT CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 02 C 0647 C <br><br> Chief Judge Barbara B. Crabb <br> Magistrate Judge Stephen L. Crocker |

**HYPERPHRASE'S RESPONSE IN OPPOSITION
TO MICROSOFT'S MOTION *IN LIMINE* NO. 1
"TO EXCLUDE EVIDENCE REGARDING OTHER LEGAL PROCEEDINGS"**

Except to the extent it proves conformity with a practice to take inventions from others or to destroy documents relating to meetings with inventors, HyperPhrase agrees that its reference to other litigation involving Microsoft is irrelevant. The exception, of course, is evidence admissible under Federal Rules of Evidence 406 or Rule 404(b), during the liability trial, and more generally evidence of a reasonable royalty in the damages phase of the trial.

During the liability trial, the destruction of documents relating to the MDL lawsuit in Baltimore and the Eolas lawsuit in Chicago could be relevant for impeachment. During the damages phase of the trial, two aspects of the verdict in Eolas v. Microsoft Corp., 99 C 626 (N.D. Ill. 2003) are relevant: (1) the fact that the jury awarded damages based on a running royalty, and (2) the amount per unit royalty determined by the jury (Eolas Verdict, Exhibit M).

In this case, Microsoft argues that a running royalty is inappropriate; it also seeks to introduce a number of license agreements on which its damage expert is relying. The Eolas verdict is, if anything, more relevant than the licenses upon which Microsoft relies. Eolas involves a software patent and there, as here, Microsoft made a decision to not license the

patents in suit. To quote the Federal Circuit in Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1109-10 (Fed. Cir. 1996), "The fact that an infringer had to be ordered by a court to pay damages, rather than agreeing to a reasonable royalty, is also relevant." See also TWM Mfg. Co., Inc. v. Dura Corp., 789 F.2d 895, 900 (Fed. Cir. 1986) (One should not "pretend that the infringement never happened. It would ... 'make an election to infringe a handy means ... to impose a compulsory license upon every patent owner.'").

To exclude the Eolas jury's determination of an appropriate royalty in a hypothetical negotiation would unfairly prejudice HyperPhrase and reward Microsoft's decision to litigate and not license. The jury should know that a running royalty was imposed in another situation where Microsoft elected not to license a software patent. It also should be aware of the fact that the royalty rate imposed in that case represents an effective per-unit rate which is nearly 20 times the rate which Microsoft contends is applicable here.

One final point. Ever since its brush with the Justice Department concerning antitrust violations, Microsoft and its chairman, Bill Gates, have been aggressively publicizing their contributions to various charities, including health and education programs. None of this has the slightest relevance to any issue in this lawsuit, and any such testimony would be highly inappropriate – even more so, in view of Microsoft's many complaints here concerning evidence which is pertinent (such as royalty evidence from the Eolas case) but which Microsoft argues is unfairly prejudicial. HyperPhrase expects no evidence about "charities" will be offered by Microsoft, or permitted if it is offered.

2

For these reasons, Microsoft's motion should be denied as premature. Any decision on relevance should be decided in the context of the trial itself.

                                         Respectfully submitted,

                                         /s/ William W. Flachsbart
                                         Raymond P. Niro
                                         William W. Flachsbart
                                         NIRO, SCAVONE, HALLER & NIRO
                                         181 West Madison, Suite 4600
                                         Chicago, Illinois  60602
                                         (312) 236-0733
                                         Fax: (312) 236-3137

                                         Attorneys For HyperPhrase Technologies, LLC
                                         And HyperPhrase, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **HYPERPHRASE'S RESPONSE IN OPPOSITION TO MICROSOFT'S MOTION *IN LIMINE* NO. 1 "TO EXCLUDE EVIDENCE REGARDING OTHER LEGAL PROCEEDINGS"** was served upon the below-listed counsel by first class mail, with a copy by facsimile transmission and by Federal Express to Craig Smith.

**First Class Mail**

Michael E. Husmann, SBN 1015114
Jonathan H. Margolies, SBN 1000452
Michael Best & Friedrich LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202-4108
(414) 271-6560
Fax: (414) 277-0656

**First Class Mail**

John C. Scheller, SBN 1031247
Michael Best & Friedrich LLP
One South Pinckney Street, Suite 700
[P.O. Box 1806, 53701-1806]
Madison, Wisconsin 53703
(608) 257-3501
Fax: (608) 283-2275

**Federal Express**

Frank E. Scherkenbach
Kurt L. Glitzenstein
Craig R. Smith
Fish & Richardson
225 Franklin Street
Boston, Massachusetts 02110-28904
(617) 542-5070
Fax: (617) 542-8906

**First Class Mail**

John V. Picone, III
Fish & Richardson
500 Arguello Street, Suite 500
Redwood City, California 94063
(650) 839-5070
Fax: (650) 839-5071

**First Class Mail**

Jennifer K. Bush
Fish & Richardson
4350 LaJolla Village Drive, Suite 500
San Diego, California  92122
(858) 678-5070
Fax: (858) 678-5099

on this 24th day of September, 2003.

/s/ William W. Flachsbart